IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IDYLL ALLISON, | § | |
| | § | No. 302, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0512013537 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 31, 2016
Decided: October 27, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 27th day of October 2016, having considered the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Idyll Allison, filed this appeal from the Superior Court's order dated May 11, 2016, denying his motion for correction of sentence under Superior Court Criminal Rule 35(a). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Allison's opening brief that his appeal is without merit. We agree and affirm.

(2)     Allison was convicted of several criminal offenses following his jury trials in July and September 2006.[1]  On October 3, 2006, the State filed a motion to declare Allison a habitual offender under 11 *Del. C.* § 4214(b).[2]  The Superior Court granted the motion at Allison's sentencing on December 1, 2006, and sentenced Allison to life in prison and an additional term of years at Level V.

(3)     In April 2016, more than nine years after his sentencing, Allison filed a motion for correction of sentence under Rule 35(a).[3]  Allison claimed that his sentence was illegally imposed because the Superior Court did not hold a proper hearing on the motion to declare him a habitual offender.  The Superior Court denied the Rule 35(a) motion as without merit.  This appeal followed.

(4)     On appeal, Allison continues to argue that his sentence was illegally imposed because the Superior Court did not hold a hearing on the motion to declare him a habitual offender.  Having considered the parties' positions on appeal, we conclude that the Superior Court's denial of the Rule 35(a) motion should be affirmed.

---

[1] This Court affirmed the convictions on direct appeal in 2008, *Allison v. State*, 2008 WL 308230 (Del. Jan. 31, 2008), and the denial of postconviction relief in 2010, *Allison v. State*, 2010 WL 3733919 (Del. Sept. 24, 2010).

[2] *See* 11 *Del. C.* § 4214(b) (providing for imposition of life sentence on habitual criminal) (Supp. 2016).

[3] It was Allison's second motion under Rule 35(a). The denial of Allison's first Rule 35(a) motion was affirmed on appeal. *Allison v. State*, 2014 WL 7010956 (Del. Dec. 10, 2014).

(5)    *First*, we agree with the Superior Court that Allison's claim is without merit. Under 11 *Del. C.* § 4215(b), "[i]f it shall appear to the satisfaction of the [Superior] Court at a hearing on the [habitual offender] motion that the defendant falls within § 4214 of this title, the [Superior] Court shall enter an order declaring the defendant an habitual criminal and shall impose sentence accordingly."[4] In this case, the record reflects that the habitual offender motion was considered in open court at sentencing where defense counsel acknowledged that Allison was eligible for sentencing as a habitual offender on the basis of the predicate offenses in the motion.[5]

(6)    *Second*, Allison's motion for correction of sentence sought to correct the manner in which the sentence was imposed.[6] A motion for correction of sentence imposed in an illegal manner must be filed within ninety days of sentencing.[7] In this case, because Allison's motion for correction of sentence was not filed within ninety days of sentencing, we affirm the Superior Court's

---

[4] 11 *Del. C.* § 4215(b) (2010).

[5] Sentencing Tr. at 3 (Dec. 1, 2006).

[6] *Guinn v. State*, 2015 WL 3613555 (Del. June 9, 2015) (holding that motion for correction of sentence claiming error at enhanced sentencing sought relief from sentence imposed in an illegal manner); *McLeaf v. State*, 2007 WL 2359554 (Del. Aug. 20, 2007) (holding that motion for correction of sentence claiming that habitual offender hearing was held outside of defendant's presence sought correction of sentence imposed in an illegal manner); *Fennell v. State*, 2005 WL 1950215 (Del. July 19, 2005) (holding that motion for correction of sentence objecting to enhanced sentence imposed in absence of proof of predicate offense sought correction of sentence imposed in an illegal manner).

[7] Del. Super. Ct. R. 35(a), (b).

judgment on the alternative basis that the motion for correction of sentence was untimely filed.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that appellate court may affirm judgment on basis of different rationale than rationale articulated by trial court).